IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD E. NOLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-223-D |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER AWARDING ATTORNEY'S FEES**

Before the Court is Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 25]. Plaintiff seeks an award of fees in the amount of $4,219.60 pursuant to 28 U.S.C. § 2412, for 20.1 hours of work on the case by attorneys and 5.2 hours of work by paralegals. Plaintiff is the prevailing party in this action under 42 U.S.C. § 405(g) by virtue of the Judgment and Order of Remand entered March 6, 2013.

In response to the Application, Defendant concedes that Plaintiff is entitled to a fee award and voices "no objection to the attorney fee requested." *See* Def.'s Resp. [Doc. No. 26] at 1. Defendant opposes only the amount sought for paralegals on the ground that Plaintiff has not sufficiently proven the claimed hourly rate of $100.00 by submitting a 2010 survey report compiled by the National Association of Legal Assistants (NALA). Defendant contends "[t]he Court could reduce the hourly paralegal rate to $85 per hour *sua sponte* because the NALA paralegal rates that Plaintiff's counsel relies upon does [sic] not demonstrate the specific market rates for Social Security paralegals in Oklahoma." *Id.* If the

Court accepts this view, the amount sought would be reduced by $78.00, for a total award of $4,141.60.

Upon consideration of the law, the case record, and the arguments of the parties, the Court finds: (1) the Commissioner's position in the case was not substantially justified; (2) Plaintiff is entitled to an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d); and (3) the requested amount is reasonable, notwithstanding Defendant's objection.

The Court has recently approved fee applications in social security cases based on a $100 hourly rate for paralegals during the relevant time period (or earlier), without objection to the rate from Defendant. *See*, *e.g.*, *Ponthier v. Colvin*, Case No. CIV-11-954-D, Order (W.D. Okla. April 16, 2013); *Taft v. Astrue*, Case No. CIV-11-993-D, Order (W.D. Okla. Dec. 26, 2012). Defendant's apparent change of position is unexplained and, considering the reasons expressed in the present objection, seems unwarranted. Defendant's opposition to a $100-per-hour rate is based solely on the limited number of survey responses from Oklahoma reflected in the NALA report, and an assumption that the rate for paralegals practicing in the social security field should be lower because their salaries tend to be lower. *See* Def.'s Resp. [Doc. No. 26] at 3. However, the Supreme Court has ruled that the proper hourly rate for EAJA fees for paralegal services is the prevailing market rate, and not the cost to attorneys who utilize them. *See Richlin Security Serv. v, Chertoff*, 553 U.S. 571, 579-80 (2008). Upon consideration of the 2010 NALA report, and fee awards in other cases, the

Court is persuaded that a $100 hourly rate is reasonable for paralegal services provided in 2012 and 2013, and that Plaintiff's proposed rate should not be reduced.

IT IS THEREFORE ORDERED that Plaintiff's Application is GRANTED. The Court orders an award of attorney fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $4,219.60. Should an additional fee award under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorneys shall refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 23rd day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE